# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### STATE OF TENNESSEE v. JARRETT DUNN

**Appeal from the Criminal Court for McMinn County**
**Nos. 2003CR110, 2000CR337, and 2003CR112    Andrew M. Freiberg, Judge**

---

### No. E2014-01946-CCA-R3-CD-FILED-JANUARY 14, 2015

---

The pro se appellant, Jarrett Dunn, appeals as of right from the McMinn County Criminal Court's order denying his motion to correct illegal sentence. The State has filed a motion to affirm the trial court's order pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jarrett Dunn, Atlanta, Georgia, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On October 5, 2000, the appellant pleaded guilty to one count of possession of cocaine for resale and was sentenced to 8 years' split confinement consisting of 6 months in jail with the remaining 7 years and 6 months to be served on probation. On February 9, 2004, the appellant pleaded guilty to three counts of sale or delivery of cocaine and received

a sentence of 8 years' probation. As reflected in the 2004 judgments, the offenses occurred on April 18, 2002 while the appellant was on probation for the 2000 conviction. The 2004 judgments are silent as to the 2000 conviction. On April 21, 2014, the appellant filed a motion to correct illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, the appellant alleged that the trial court knew that he had committed the subsequent offenses while on probation for the 2000 offense and that the 2004 judgments are illegal for failure to order consecutive service to the 2000 judgment for which he was still on probation when the additional offenses were committed. On September 12, 2014, the trial court summarily denied the appellant's motion. The appellant filed a timely notice of appeal from the trial court's order.

The recently promulgated Tennessee Rule of Criminal Procedure 36.1 provides:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c) (1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup.Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R.Crim. P. 36.1 (Effective July 1, 2013).

The appellant argues that Tennessee Rule of Criminal Procedure 32(c)(3) and Tennessee Code Annotated section 40-20-111(b) mandate the imposition of consecutive sentences for additional offenses committed while on probation. Thus, he contends his 2004

sentences are illegal because they were not ordered to be served consecutively to the 2000 sentence. As the State correctly argues, Rule 32(c)(3) and section 40-20-111 do not require the imposition of consecutive sentences for additional offenses committed while on probation. *See* Tenn. Code Ann. § 40-20-111(b) (mandating consecutive sentencing when additional offenses are committed while on bail); Tenn. R. Crim. P. 32(c)(3)(A), (B), (C) (mandating consecutive sentencing when additional offenses are committed while on parole, escape, or bail). The imposition of consecutive sentences for additional offenses committed while on probation, however, is within the court's discretion. *See* Tenn. Code Ann. § 40-35-115; Tenn. R. Crim. P. 32(c)(2).[1] Contrary to the appellant's assertions, his 2004 sentences are not illegal. The trial court correctly denied the appellant's motion to correct illegal sentence.

Accordingly, we affirm the judgment of the McMinn County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] We note that a prior unserved sentence may be served consecutively to the sentence for a subsequent offense when the prior unserved sentence is unknown to the court at the time of judgment. *See* Tenn. R. Crim. P. 32(c)(2)(A)(ii). The appellant, however, makes no allegation that the 2000 conviction was unknown to the trial court. In fact, the appellant alleged in his motion to correct illegal sentence that concurrent service of the sentences was an element of his plea agreement.